IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT JAMES GRIFFIN,
    Petitioner,

v.                              Case No.  3:10cv259/WS/CJK

KENNETH S. TUCKER,[1]
    Respondent.
_____

ORDER and
REPORT AND RECOMMENDATION

    Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 11).  Petitioner replied.  (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

    On January 28, 2004, a grand jury sitting in Escambia County, Florida returned an indictment charging petitioner with first degree murder for the unlawful

---

[1]Kenneth S. Tucker succeeded Walter McNeil and Edwin Buss as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d).

premeditated killing of Abigail Moorer. (Doc. 11, Ex. C, pp. 2-3).[2] Petitioner was found guilty by jury verdict of second degree murder, a lesser included offense. (*Id*., p. 87). Petitioner was adjudicated guilty and sentenced on May 25, 2006, to forty years imprisonment. (*Id*., pp. 155-62). Petitioner appealed, raising one issue: "Whether The Lower Court Erred By Allowing The State To Present Evidence Of A Prior Incident Of Domestic Violence Between Appellant And The Victim." (Ex. E). The Florida First District Court of Appeal ("First DCA") per curiam affirmed without written opinion on November 13, 2007. *Griffin v. State*, 968 So.2d 560 (Fla. 1st DCA 2007) (Table) (copy at Ex. G).

On April 15, 2008, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. H). The state court summarily denied the motion on July 16, 2008. (Ex. I). Petitioner did not appeal. (Doc. 1, p. 3).

On February 10, 2009, petitioner filed in the trial court a "Motion for Leave to File Successive Motion for Postconviction Relief". (Ex. S, pp. 1-3). The court dismissed the motion on February 24, 2009, explaining: "Without knowledge of the grounds Defendant intends to allege, the Court declines to either grant or deny 'leave' to file a successive motion. Defendant may file any motion he believes to be appropriate, and the Court will render its decision as to whether the motion is properly deemed successive at that time." (*Id*., pp. 4-5).

On March 23, 2009, petitioner filed a state habeas petition in the First DCA, alleging ineffective assistance of appellate counsel. (Ex. K). On September 29, 2009, the First DCA issued a per curiam opinion stating, "The petition alleging ineffective assistance of appellate counsel is denied on the merits." *Griffin v. State*, 23 So.3d 140

---

[2]Hereafter, all references to exhibits are to those provided at Doc. 11, unless otherwise noted.

(Fla. 1st DCA 2009) (Table) (copy at Ex. Q).

Petitioner filed a second Rule 3.850 motion on October 17, 2009. (Ex. S, pp. 6-49). The motion was dismissed with prejudice as successive. (*Id*., pp. 50-52). The First DCA per curiam affirmed without written opinion on May 12, 2010. *Griffin v. State*, 36 So.3d 659 (Fla. 1st DCA 2010) (Table) (copy at Ex. T). The mandate issued June 8, 2010. (Ex. U).

Petitioner filed his federal habeas petition in this Court on July 19, 2010. (Doc. 1). The petition presents two grounds for relief: (1) the trial court erred, in violation of petitioner's Fifth Amendment rights, when it admitted petitioner's videotaped statements, and (2) appellate counsel was ineffective for failing to raise on direct appeal the trial court's error in admitting petitioner's statements obtained in violation of the Fifth Amendment and *Miranda*[3]. (*Id*.). Respondent asserts that Ground One is procedurally defaulted, and that Ground Two is without merit. (Doc. 11).

## LEGAL STANDARDS

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

---

[3]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 694 (1966).

>    (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme

---

[4] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, — U.S. —, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652,

124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither

an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).  In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").  The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct.  28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence").  Neither the Supreme Court nor the

Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

<u>Exhaustion and Procedural Default</u>

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[5] thereby giving the state the "'opportunity to pass upon and correct'

---

[5]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim is also considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held

---

State; or

    (B) (i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Case No: 3:10cv259/WS/CJK*

to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower*, 7 F.3d at 210. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence

– that was not presented at trial.

*Id*.

## DISCUSSION

Ground One     <u>Violation of Petitioner's Fifth Amendment Rights under the United States Constitution. The Trial Court Erred in Allowing the Defendant's Video-taped Statements at Trial in Violation of His Fifth Amendment Rights to Remain Silent and Against Self-Incrimination.</u>

Petitioner's first ground for relief claims that the trial court violated petitioner's Fifth Amendment rights (the right to remain silent and to have legal counsel present during questioning) when the court denied petitioner's pre-trial motion to suppress petitioner's videotaped confession. (Doc. 1, pp. 4-4F). Respondent asserts a procedural default defense, arguing that petitioner has not presented this claim to the state courts and is now barred by state procedural rules from returning to state court to litigate the claim. (Doc. 11, pp. 12-15). Petitioner responds that he satisfied the exhaustion requirement by filing a state habeas petition alleging that appellate counsel was ineffective for failing to raise on direct appeal the trial court's erroneous denial of his motion to suppress. (Doc. 1, p. 4; Doc. 15, pp. 2-3). Petitioner further argues that he "cannot be faulted in this federal habeas corpus for his appellate attorney's failure to raise the instant claim on direct appeal," because petitioner was bound by appellate counsel's filings. (Doc. 15, p. 2).

A federal habeas petitioner does not satisfy the exhaustion requirement merely by presenting the state court with all the facts necessary to support his claim, or by presenting a somewhat similar claim. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). "The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal

principles to the facts bearing upon (his) constitutional claim.'" *Id.* at 1344 (*quoting Picard*, 404 U.S. at 277, 92 S. Ct. at 513). Petitioner's substantive Fifth Amendment claim is not the same as petitioner's Sixth Amendment ineffective assistance of appellate counsel claim based on the substantive claim. The two are separate and distinct for purposes of satisfying the exhaustion requirement. *Pietri v. Fla. Dep't of Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011) (holding that federal habeas petitioner's substantive judicial bias claim was not the same claim as his ineffective assistance of appellate counsel claim based on counsel's failure to raise the substantive claim; the two claims were "separate and distinct" for purposes of the federal habeas exhaustion requirement) (*citing Lefroy v. Sec'y for Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 n.24 (11th Cir. 2005) (noting that substantive claim was "separate and distinct" from ineffective assistance claim based on the substantive claim)); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (holding that ineffective assistance claim based on counsel's failure to object to jury instruction was not the same as substantive due process claim challenging the trial court's giving of that instruction); *see also, e.g.*, *Humphrey v. Fla. Dep't of Corr.*, 450 F. App'x 877 (11th Cir. 2012) (holding that federal habeas petitioner claiming that his equal protection and due process rights were violated when his wife was compelled to testify against him at his state court trial was procedurally defaulted, where petitioner did not raise the claims in state court but instead argued in his state postconviction proceeding that his trial counsel was ineffective for failing to object to his wife's testimony).

The claim petitioner raises here as Ground One – that his Fifth Amendment rights were violated when the trial court denied petitioner's motion to suppress and admitted petitioner's videotaped confession – was not raised in petitioner's direct

appeal, postconviction motion, or state habeas petition. Petitioner cannot now return to state court to litigate his substantive Fifth Amendment claim. *See Mills v. Florida*, 684 So.2d 801, 804 n. 3 (Fla. 1996). Petitioner's Fifth Amendment claim is procedurally defaulted for purposes of federal habeas review.

Petitioner's argument that he should not be penalized for his appellate counsel's failure to present the claim on direct appeal can be liberally construed as arguing that appellate counsel's ineffectiveness constitutes "cause" for petitioner's procedural default. "A petitioner can establish cause by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 690, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)." *Payne v. Allen*, 539 F.3d 1297, 1314 (11th Cir. 2008) (internal quotation marks and citation omitted); *Coleman v. Thompson*, 501 U.S. at 755, 111 S.Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation."). In *Strickland*, the Supreme Court set out a two-part inquiry for ineffective assistance claims. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052. A petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him. *See id.* "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness. Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144 (1986) (*quoting Strickland*, 466 U.S. at 668, 694).

Appellate counsel is not ineffective for winnowing out weaker arguments on

appeal and focusing on those more likely to prevail, *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S. Ct. 3308, 3312-13, 77 L. Ed. 2d 987 (1983), because the "winnowing out of weaker arguments" to be raised on appeal "is the hallmark of effective advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986). Further, appellate counsel cannot be deemed ineffective for failing to raise issues "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (*quoting Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)); *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). The argument omitted from the appeal must have been significant enough to have affected the outcome of the appeal. *Nyhuis*, 211 F.3d at 1344 (*citing Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988)).

In this case, petitioner's trial counsel filed a pre-trial motion to suppress petitioner's statements to Investigator Kilgore, arguing that the statements were made after petitioner requested an attorney. (Ex. C, pp. 57-61). The trial court denied the motion after a hearing. (*Id*. at pp. 185-97). At trial, prior to the State calling Investigator Kilgore to testify, defense counsel objected (outside the presence of the jury) to "Mr. Kilgore speaking of Mr. Griffin's confession." (Ex. D, p. 125). The State announced that it did not intend to introduce any of the evidence that was the subject of the motion to suppress (those portions of the interview between Kilgore and petitioner that occurred <u>after</u> petitioner allegedly requested an attorney):

> I had told [trial defense counsel] that what I'm going to do – in spite of the Court's ruling, I'm going to stop – I'm going to have Kilgore

> testify up to the point where Mr. Griffin said they had a fight. I'm going to have him stop at that point. I'm not going to have him go further where he said he then asked for a lawyer. If [trial defense counsel] wants to get into that, you know, under the rule of completeness, he can, but I'm not going to do it.

(Ex. D, p. 126). Defense counsel remarked:

> Because of the Court's ruling, I feel I do have to go forward and actually talk to him about the confession.
>
> . . . .
>
> [B]ased on the State telling me that this morning, of course, you know, I haven't had time to actually change our strategy. In other words, our strategy – our entire case was based on this confession coming in. If the confession hadn't come in, I don't' know that Mr. Griffin might not have had a different strategy entirely. I had to prepare the case, put on the case, as if the confession was coming in.

(*Id.*, pp. 125-27). The State did not introduce petitioner's videotaped statements, or any of the evidence that was the subject of the motion to suppress. (*Id.*, pp. 128-32). On cross-examination defense counsel questioned Investigator Kilgore about his interrogation of petitioner, and introduced the entire videotaped interrogation. (*Id.*, pp. 148-53). Petitioner's appellate counsel did not appeal the trial court's ruling on petitioner's motion to suppress, but did challenge a different evidentiary ruling.

Petitioner has not shown that no reasonable appellate attorney would have chosen not to raise the Fifth Amendment claim on appeal. Although the trial court denied petitioner's motion to suppress, the State did not introduce at trial any of the evidence that was the subject of the motion. A reasonable attorney could have concluded that absent petitioner's introduction of the evidence he previously sought to suppress, any alleged error in denying the motion to suppress would have been

harmless, and that petitioner invited any non-harmless error by introducing the statements himself. *See Cox v. State*, 819 So.2d 705, 715 (Fla. 2002) ("[A] party may not invite error and then be heard to complain of that error on appeal.") (*quoting Pope v. State*, 441 So.2d 1073, 1076 (Fla. 1983)); *see also Johnson v. United States*, 318 U.S. 189, 201, 63 S. Ct. 549, 87 L. Ed. 704 (1943) ("We cannot permit an accused to elect to pursue one course at the trial and then, when that has proved to be unprofitable, to insist on appeal that the course which he rejected at the trial be reopened to him. However unwise the first choice may have been, the range of waiver is wide. Since the protection which could have been obtained was plainly waived, the accused cannot now be heard to charge the court with depriving him of a fair trial. The court only followed the course which he himself helped to chart and in which he acquiesced until the case was argued on appeal.") (*quoting United States v. Manton*, 107 F.2d 834, 848 (2d Cir. 1939)). Because appellate counsel could have reasonably concluded that challenging the denial of petitioner's motion to suppress was a very weak, if not meritless argument, counsel's performance was not constitutionally deficient. *See Shere v. Sec'y, Fla. Dep't of Corr*., 537 F.3d 1304, 1311 (11th Cir. 2008) (agreeing that "appellate counsel is not ineffective for failing to raise a meritless issue on appeal"); *Ladd v. Jones*, 864 F.2d 108, 110 (11th Cir. 1989) ("[S]ince these claims were meritless, it was clearly not ineffective for counsel not to pursue them."). Petitioner also fails to establish that there is a reasonable probability his conviction would have been reversed on appeal had appellate counsel raised the Fifth Amendment claim. *See also, e.g., Crumbley v. Crosby*, No. 8:04cv427, 2007 WL 781768, at *19 (M.D. Fla. 2007) (state court did not unreasonably apply *Strickland* when it rejected petitioner's claim that appellate

counsel was ineffective for failing to assert on direct appeal that petitioner was denied his right to confrontation when the victim failed to appear to testify; no statement by the victim was admitted at trial other that those which petitioner himself submitted into evidence in support of his defense).

Petitioner's failure to establish that his appellate counsel was ineffective precludes a finding that appellate counsel's ineffectiveness constitutes "cause" for petitioner's procedural default. Petitioner's unexcused procedural default bars federal habeas review of petitioner's Fifth Amendment claim.

Ground Two     <u>Violation of Petitioner's Fifth, Sixth, and Fourteenth Amendment Rights under the United States Constitution. Appellate Counsel was Ineffective for Failing to Raise on Direct Appeal the Trial Court's Error in Admitting the Defendant's Statements Obtained in Violation of His *Miranda* Rights.</u>

In addition to asserting that appellate counsel's ineffectiveness caused petitioner's procedural default, petitioner raises an independent substantive claim of ineffective assistance of appellate counsel for counsel's failure to raise the Fifth Amendment issue on appeal. (Doc. 1. pp. 4, 4G-4L). Petitioner raised this ineffective assistance of appellate counsel claim in his state habeas petition. The First DCA denied relief on the merits.

This Court's previous conclusion that appellate counsel was not ineffective for failing to appeal the trial court's denial of the motion to suppress and admission of petitioner's videotaped statements precludes federal habeas relief on this independent claim of ineffective assistance. The First DCA's rejection of petitioner's ineffective assistance claim was not contrary to *Strickland*, was not based on an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts. Petitioner is not entitled to federal habeas relief.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Kenneth S. Tucker has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging the

conviction and sentence in *State of Florida v. Robert James Griffin* in the Circuit Court for Escambia County, Florida, Case No. 04-CF-116 be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).